IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No.  38941-3-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RICHARD N. WILLIAMS, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

COONEY, J. — Richard Williams pleaded guilty to the crime of malicious mischief in the first degree.  The trial court sentenced him to 10 months of incarceration, a $500 victim penalty assessment (VPA), and a $250 fine.  Mr. Williams appeals the imposition of the VPA and fine.  We affirm the assessment of the $250 fine and remand for the trial court to strike the VPA from the judgment and sentence.

BACKGROUND

Mr. Williams was incarcerated at the Asotin County Jail awaiting trial on the charges of possession of stolen property in the second degree, identity theft in the second degree, and theft in the third degree.  During a remote court appearance on January 24, 2022, Mr. Williams damaged the video system by punching the monitor, which resulted in delays to court proceedings throughout the day.  The State subsequently charged Mr. Williams with malicious mischief in the first degree.

On March 7, 2022, Mr. Williams and the State negotiated a settlement. Mr. Williams agreed to plead guilty to malicious mischief in the first degree in exchange for the State moving to dismiss the charges of possession of stolen property in the second degree, identity theft in the second degree, and theft in the third degree. Further, at sentencing, the State agreed to recommend that Mr. Williams serve 12 months of confinement, 12 months of supervision, and be ordered to pay a $500 VPA and a $500 fine. The negotiated settlement was memorialized in a written plea agreement wherein Mr. Williams acknowledged "he may be required to pay" a $500 VPA and a $500 fine. Clerk's Papers at 33.

Prior to accepting Mr. Williams' guilty plea, the court stated, "I have to order the $500.00 [VPA] fee, and a $500.00 fine and there is no restitution in this matter. Is that your understanding of the agreement, sir?" Rep. of Proc. (RP) at 6-7. Mr. Williams responded, "Yes, Your Honor." RP at 7. After finding Mr. Williams guilty, the court declined to follow the plea agreement—in favor of Mr. Williams. Rather than imposing 12 months of incarceration, the court imposed 10 months. The court did not order any supervision and reduced the agreed fine from $500.00 to $250.00. Although the court did not explicitly find Mr. Williams indigent, the court impliedly found him indigent when it stated, "Absent any special circumstances, usually my indigent fine is—goes from $1,000.00 down to $250.00." RP at 12. The court asked Mr. Williams if he could pay the $500.00 VPA and $250.00 fine at $50.00 per month. Mr. Williams responded, "Yes,

I can do that." RP at 13. In the judgment and sentence, the court found Mr. Williams possessed a current and future ability to pay the VPA and fine. Over four months later, the trial court found Mr. Williams indigent for purposes of his appeal.

Mr. Williams appeals.

## ANALYSIS

### $500 VICTIM PENALTY ASSESSMENT

Mr. Williams contends that requiring him to pay the VPA violates the excessive fines clauses of United States Constitution, amendment VIII, and Washington Constitution, article 1, section 14. In applying the current provisions of RCW 7.68.035, the relief Mr. Williams seeks may be granted without consideration of his constitutional challenges. *See Stout v. Felix*, 198 Wn.2d 180, 184, 493 P.3d 1170 (2021) (citing *State v. Hall*, 95 Wn.2d 536, 539, 627 P.2d 101 (1981)). Under the doctrine of constitutional avoidance, we decline to address his constitutional challenges.

Former RCW 7.68.035(1)(a) (2018) required a VPA be imposed on any individual found guilty of a crime in superior court. Effective July 1, 2023, the legislature amended RCW 7.68.035 to preclude superior courts from imposing a VPA on a defendant who, at the time of sentencing, is found to be indigent as defined in RCW 10.01.160(3). *See* LAWS OF 2023, ch. 449, §§ 1, 4. Statutory amendments related to costs imposed upon conviction apply to cases pending on appeal. *State v.*

*Ramirez*, 191 Wn.2d 732, 748-49, 426 P.3d 714 (2018). Here, because Mr. Williams'

case is pending on direct appeal, amended RCW 7.68.035 applies.

The trial court impliedly found Mr. Williams indigent at the time of sentencing.

Accordingly, the superior court is precluded from imposing a VPA against him. We

remand for the trial court to strike the $500 VPA from the judgment and sentence.

$250 FINE

For the first time on appeal, Mr. Williams challenges the trial court's imposition of

a $250 fine against him. Before the trial court, not only did Mr. Williams fail to object to

the fine, in the plea agreement he consented to a fine twice the amount ordered by the

court. Further, Mr. Williams informed the court he would be able to pay $50 per month.

The invited error doctrine precludes a criminal defendant from seeking appellate review

of an error he helped create, even when the alleged error is one of constitutional

magnitude. *State v. Studd*, 137 Wn.2d 533, 546-47, 973 P.2d 1049 (1999). In

determining whether the invited error doctrine applies, we may consider whether the

defendant affirmatively assented to the error, materially contributed to it, or benefitted

from it. *State v. Momah*, 167 Wn.2d 140, 154, 217 P.3d 321 (2009).

Here, Mr. Williams affirmatively assented to the alleged error when he negotiated

a settlement and entered into a plea agreement with the State acknowledging he may be

required to pay a fine of up to $500. His acquiescence materially contributed to the court

assessing the $250 fine. Moreover, Mr. Williams substantially benefitted from the

4

alleged error. In consideration of entering a guilty plea to one charge with an agreed fine, the State moved to dismiss two other felony charges and one misdemeanor charge. Under the invited error doctrine, Mr. Williams is precluded from complaining on appeal what he assented to below.

## CONCLUSION

We decline review of the $250 fine and remand to the trial court to strike the $500 VPA from the judgment and sentence.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____

Cooney, J.

WE CONCUR:

_____
Fearing, C.J.

_____
Pennell, J.